UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMICQUIN MCKINSTRY, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-2336 |
| ERIC AUSTIN, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his detention in Jerome Combs Detention Center.  He has filed an amended complaint, which is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

On May 18, 2015, while detained as a pretrial detainee in the Jerome Combs Detention Center, other detainees decided to flood their cells, causing water filled with feces and urine to enter Plaintiff's cell. Defendant Austin, who was in charge of the jail officers, removed the body camera from Defendant Henshaw and then later turned off Plaintiff's water. Plaintiff asked why his water was off, since he had not been involved in the flooding incident. Austin replied, "I'm about to show you." Austin ordered Plaintiff to lay face down in the water with urine and feces. Plaintiff initially refused but then decided to comply out of fear. Before Plaintiff could comply, Defendant Austin tased Plaintiff, causing injury to Plaintiff's head and causing Plaintiff to urinate on himself. Officers Benoit, Mayo, and Henshaw then slammed Plaintiff to the ground, injuring Plaintiff's shoulder. Officer Mayo held Plaintiff's face down in the dirty water while Officer Henshaw used his knee to put all of Henshaw's weight on Plaintiff's ankles. Officer Benoit put his knee

in Plaintiff's back, causing severe pain, and placed handcuffs on Plaintiff too tightly.  These officers refused Plaintiff's pleas to loosen the handcuffs and placed Plaintiff in a restraint chair for two hours even though he was not resisting.  Plaintiff suffered injuries to his wrist, and his shoulder and back still cause him sharp pains.  He has not received adequate treatment for these injuries from Nurse Tammy, and an unidentified nurse failed to schedule Plaintiff to see the physician assistant after Plaintiff's repeated requests.

After the incident, Officers Mayo and Colbert did not provide Plaintiff with a change of clothes, despite Plaintiff's request.  Plaintiff had to wear his urine-stained clothes for about two days.

## ANALYSIS

Plaintiff's claims arise from the Fourteenth Amendment since he is a pretrial detainee.  He clearly states constitutional claims for excessive force and for forcing Plaintiff to lay face down in water containing urine and feces.  He also states a constitutional claim for excessive restraint regarding the restraining chair and the handcuffs, and a constitutional claim for indifference to Plaintiff's need for clean clothes to replace his urine-stained clothes.  Additionally, the Court also cannot rule out a claim for deliberate

indifference to Plaintiff's serious medical needs.  This case will, therefore, proceed for service per the standard procedures.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's motion to file an amended complaint is granted (6).

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states constitutional claims based on the alleged excessive force, requiring Plaintiff to lay face down in water containing urine and feces or forcing him to do so, excessive restraint, and deliberate indifference to Plaintiff's need for clean clothes to replace his urine-soaked clothes.  Plaintiff also states a claim for deliberate indifference to Plaintiff's serious medical needs. This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before

Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an

answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the

Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) Plaintiff's motion for clarification is granted (8). The response date listed for Plaintiff's motion to amend is an automatic date set by the electronic filing system. No response will be filed at this time because Defendants have not yet been served.

13) **The clerk is directed to docket the amended complaint.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:   January 11, 2017

FOR THE COURT:

                                                  **s/Sue E. Myerscough**
                                                 SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE